UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Tampa Division

RANSOM ROWE and
ROWE ENGINEERING, INC.

        Petitioners,                           Case No.: 8:09-CV-2419-T-27MAP

v.

COLLEEN M. THEN, DIRECTOR OF
INDUSTRY OPERATIONS, TAMPA
FIELD DIVISION, BUREAU OF ALCOHOL,
TOBACCO, FIREARMS AND
EXPLOSIVES,

        Respondent.

---

## PETITIONERS' UNOPPOSED MOTION TO STAY PROCEEDINGS

Pursuant to Rule 3.01 of the Local Rules of the Middle District of Florida and well established Federal Law, Petitioners Ransom Rowe and Rowe Engineering, Inc., by its attorneys, move this Court to enter an order staying the proceedings:

1. As of the beginning of 2009, Petitioners, Ransom Rowe and Rowe Engineering, Inc., each held a federal firearms dealer license for approximately 19 years.

2. Petitioner Ransom Rowe is the President of Petitioner Rowe Engineering, Inc.

3. This case concerns the Respondent's issuance of a Final Notice of Revocation of Firearms License of Ransom Rowe dated September 29, 2009 and a Final Notice of Revocation of Firearms License of Rowe Engineering, Inc. dated September 29, 2009 (the "Final Notices of Revocation").

1

4. Petitioners contend, among other things, that the Respondent *wrongfully* found that the shipment of one pistol to one person was sufficient ground to revoke Petitioners' federal firearms dealer licenses.

5. Pursuant to the Final Notices of Revocation, the Petitioners' federal firearms dealer licenses were revoked effective October 16, 2009.

6. On November 25, 2009, Petitioners timely filed a Petition for Judicial Review for a *De Novo* review of Respondent's Final Notices of Revocation pursuant to 18 U.S.C. § 923(f)(3) and its related regulations.

7. Petitioners brought this action, seeking among other things, an order that there were not sufficient grounds to revoke the Petitioners' federal firearms dealer licenses and to reinstate each of their licenses.

8. On February 3, 2009, the Case Management Report of the parties was filed with this Honorable Court.

9. On February 10, 2009, this Honorable Court entered the Case Management and Scheduling Order.

10. On February 26, 2009, Petitioners timely submitted their Rule 26(a)(1) Disclosures to the Respondent pursuant to the Case Management Report and Case Management and Scheduling Order.

11. Since this time, Respondent noticed Ransom Rowe's deposition for April 20, 2010 at 10:00 a.m.

12. Additionally, Respondent served its First Set of Interrogatories and First Request for Production of Documents on Petitioners on March 19, 2010, which, as of now, are due on April 19, 2010 pursuant to the Federal Rules of Civil Procedure.

13. In addition to the upcoming dates set forth in Paragraphs 11 and 12, other dates will be quickly approaching as this case is positioned for trial within about a year from the date of when the action was filed.

14. Recently, Ransom Rowe advised his counsel that he is experiencing health problems, which he indicates will preclude him from being able to attend his April 20, 2010 deposition and will also preclude him from participating meaningfully in this case on behalf of himself and on behalf of his corporation – Ransom Rowe and Rowe Engineering, Inc. *See* Affidavit of Ransom Rowe, attached as **Exhibit 1**.

15. In light of the upcoming dates set forth in Paragraphs 11 and 12 and the fast track schedule, Ransom Rowe's health will impose a hardship on Petitioners.

16. Accordingly, Petitioners seek a stay of this action for 90 days. If an additional stay is necessary, Petitioners will file another motion.

17. In the event a stay is ordered, Petitioners' seek that the order require the parties to cause a revised Case Management Report to be submitted within 7 days after the stay being lifted, which will result in an amended Case Management and Scheduling Order being entered by this Honorable Court. Moreover, Petitioners seek to have up to 30 days after the stay is lifted to respond to Respondent's First Set of Interrogatories and First Request for Production of Documents served on Petitioners on March 19, 2010. Further, Petitioners seeks to have up to 35 days after the stay is lifted to make Ransom Rowe available for deposition.

18. This court has the power to stay the proceedings. *See, e.g. Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the

power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

19. There are no pending dispositive motions in this matter.

20. Outside of Petitioners receiving relief from this Court or reaching a resolution with Respondent, Petitioners' federal firearm dealer licenses remain revoked pursuant to the terms of the Final Notices of Revocation.

21. Petitioners request for a stay will not prejudice or work any damage on any one. *See Landis*, 299 U.S. at 255 ("[T]he suppliant for a stay must make out a clear case of hardship or inequity in being required to move forward, *if* there is even a fair possibility that the stay for which he prays will work damage to some one else.") (emphasis added).

22. A district court should consider the following three factors in considering a motion to stay: (1) potential prejudice to the non-moving party; (2) hardship to the moving party if a stay is not granted and (3) the judicial resources saved by avoiding duplicative litigation. *See, e.g. Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997).

23. Respondent will suffer no prejudice by the issuance of a stay.

24. Pursuant to Local Rule 3.01(g), Petitioners' counsel has conferred with Jennifer Waugh Corinis, Assistant United States Attorney, who represents Respondent in this matter. Ms. Corinis represented that she would concur in the relief sought in this motion if Ransom Rowe and Rowe Engineering, Inc. agreed to refrain from purchasing or selling firearms during the stay period. Ransom Rowe and Rowe Engineering, Inc. have agreed to this condition. Accordingly, Petitioners' counsel

is authorized to state that Ms. Corinis has no objection to the relief Petitioners are seeking in this motion and Ms. Corinis's concurs in the relief sought in this motion.

25. If a stay is not ordered, Petitioners will suffer a great hardship because Ransom Rowe's health will preclude him from participating meaningfully in this case on behalf of himself and on behalf of his corporation – Ransom Rowe and Rowe Engineering, Inc. – as set forth in Paragraph 14 above.

26. Although the duplicative litigation issue is not relevant here, ordering a stay will save judicial resources because a stay is the most efficient way to deal with the Petitioners' inability to participate in this case at this time due to Ransom Rowe's health. If a stay is not granted, piecemeal motions would likely be filed to deal with discovery issues and scheduling order issues.

WHEREFORE, Petitioners seek an order stating as follows:

(A) Petitioners are granted a stay of this action for 90 days. If an additional stay is necessary, Petitioners will need to file another motion;

(B) After the stay is lifted, the parties will cause a revised Case Management Report to be submitted within 7 days after the stay is lifted, which will result in an amended Case Management and Scheduling Order being entered by this Honorable Court;

(C) Petitioners shall have up to 30 days after the stay is lifted to respond to Respondent's First Set of Interrogatories and First Request for Production of Documents served on Petitioners on March 19, 2010; and

(D) Petitioners shall make Ransom Rowe available for deposition within 35 days after the stay is lifted.

6

DICKINSON WRIGHT PLLC

By: s/Scott A. Petz
Michelle Thurber Czapski (MI Bar #P47267)
Scott A. Petz (MI Bar #P70757)
Attorneys for Petitioners
500 Woodward Avenue, Suite 4000
Detroit, Michigan 48226-3425
(313) 223-3500
Email: spetz@dickinsonwright.com

Dated:  April 13, 2010

DETROIT 39795-1 1153652v4

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Tampa Division

RANSOM ROWE and
ROWE ENGINEERING, INC.

       Petitioners,                          Case No.: 8:09-CV-2419-T-27MAP

v.

COLLEEN M. THEN, DIRECTOR OF
INDUSTRY OPERATIONS, TAMPA
FIELD DIVISION, BUREAU OF ALCOHOL,
TOBACCO, FIREARMS AND
EXPLOSIVES,

       Respondent.

---

## ORDER TO STAY PROCEEDINGS

This matter having come before this Court upon Petitioners' Unopposed Motion to Stay Proceedings, and the Court being advised in the premises:

**IT IS HEREBY ORDERED THAT:**

(A) Petitioners are granted a stay of this action for 90 days. If an additional stay is necessary, Petitioners will need to file another motion;

(B) After the stay is lifted, the parties will cause a revised Case Management Report to be submitted within 7 days after the stay is lifted, which will result in an amended Case Management and Scheduling Order being entered by this Honorable Court;

(C) Petitioners shall have up to 30 days after the stay is lifted to respond to Respondent's First Set of Interrogatories and First Request for Production of Documents served on Petitioners on March 19, 2010; and

(D) Petitioners shall make Ransom Rowe available for deposition within 35 days after the stay is lifted.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Tampa Division

RANSOM ROWE and
ROWE ENGINEERING, INC.

      Petitioners,

v.

COLLEEN M. THEN, DIRECTOR OF
INDUSTRY OPERATIONS, TAMPA
FIELD DIVISION, BUREAU OF ALCOHOL,
TOBACCO, FIREARMS AND EXPLOSIVES,

      Respondent.

---

## CERTIFICATE OF SERVICE

      I hereby certify that on April 13, 2010, I electronically filed the foregoing documents with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record.

By: s/Scott A. Petz
Dickinson Wright PLLC
500 Woodward Avenue, Suite 4000
Detroit, Michigan 48226-3425
(313) 223-3500
Email: spetz@dickinsonwright.com
MI Bar No. P70757

DETROIT 39795-1 1155914